**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Arthur John JUNG, aka Charles Sotirkys, Defendant—Appellant.**

**No. 04–15400.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 4, 2005.

---

**11.**  413 U.S. 433, 447, 93 S.Ct. 2523, 2531, 37 L.Ed.2d 706 (1973).

**12.**  321 F.3d 1212, 1214–15 (9th Cir.2003).

**13.**  219 F.3d 882, 889–90 (9th Cir.2000).

**14.**  At 889–90.

Lewis A. Davis, Esq., USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Arthur K. Wachtel, Esq., Maitreya Badami, Esq., San Francisco, CA, for Defendant–Appellant.

Before REINHARDT, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

On April 29, 1993, Arthur Jung, aka Peter Sotirkys (hereinafter "Sotirkys"), was convicted by a jury of violating 46 U.S.C. app. §§ 1903(a) and (j), the Maritime Drug Law Enforcement Act ("MDLEA"), for his role in conspiring to import hashish into the United States. In 1995, we reversed Sotirkys' conviction because the district court had erred by not recognizing that jurisdiction was an element of the crime to be decided by the jury. On remand, the district court presented this issue for the jury. The district court also held that nexus was a question for the court rather than the jury, and that a sufficient nexus existed between Sotirkys' conduct and the United States.

On December 12, 1996, a jury convicted Sotirkys of (1) aiding and abetting an American citizen on board a foreign vessel in the distribution of hashish and (2) aiding and abetting the distribution of hashish on board a vessel subject to the jurisdiction of the United States. Sotirkys again appealed his conviction but agreed that the nexus

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

issue would be determined by the outcome of his co-conspirator's case. In *United States v. Medjuck*, 156 F.3d 916 (9th Cir. 1998) (*Medjuck III* ), we held that the district court properly determined that a nexus between the conspiracy and the United States existed. We affirmed Sotirkys' conviction in *United States v. Jung*, 185 F.3d 870 (9th Cir.1999) (unpublished memorandum disposition).

Sotirkys filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on April 6, 2000, claiming that the consent of St. Vincent, the flag nation of the vessel intercepted by the Coast Guard, was coerced and therefore invalid. He contended that the United States lacked jurisdiction to prosecute him. In his reply brief, Sotirkys contended that there was an insufficient nexus. The district court denied Sotirkys' § 2255 motion on August 27, 2001. On September 27, 2001, Sotirkys filed a Motion to Amend or Correct Judgment pursuant to Federal Rule of Civil Procedure 59(e). In an order dated July 31, 2003, the district court dismissed Sotirkys' motion. In the same order, it also concluded that Sotirkys had filed a second or successive § 2255 petition, that permission to file the petition had not been granted by this court, and that the petition should therefore be dismissed.

Sotirkys appeals the district court's July 31, 2003 dismissal of his petition. On May 19, 2004, this court issued a COA with respect to the issue: "Whether the United States had jurisdiction over the Lucky Star." We have jurisdiction under 28 U.S.C. §§ 2253(a) and 1291. Even on the assumption that Sotirkys' petition was properly filed in the district court, we affirm.

Section 1903(a) of the MDLEA provides: It is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board a vessel, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.

Section 1903(c)(1)(C) further defines a "vessel subject to the jurisdiction of the United States" as a "vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States."

The COA is limited to the issue of jurisdiction under § 1903(a). Sotirkys argues that St. Vincent's consent was coerced through economic pressure, and that this was a violation of international law that vitiates the consent. Even if Sotirkys had standing to raise this issue, his argument fails. Use of economic pressure to obtain consent does not violate international law. *See United States v. Khan*, 35 F.3d 426, 431 (9th Cir.1994). Moreover, the United States had jurisdiction to prosecute under § 1903(a) on another, alternative basis because Sotirkys himself is an American citizen and was aiding and abetting an American citizen. Even if the COA had included the issue of nexus, Sotirkys has no argument because he agreed to be bound by the determination in *Medjuck III* that a sufficient nexus exists between the conspiracy and the United States.

**AFFIRMED.**